## MARIA SERRANO *v.* J. WILLIAM BURNS, COMMISSIONER OF TRANSPORTATION, ET AL.
### (SC 15957)

Borden, Berdon, Norcott, Katz and Palmer, Js.

Argued January 20—officially released April 20, 1999

*James H. Lee*, for the appellant (plaintiff).

*Lorinda S. Coon*, with whom, on the brief, was *Elizabeth Fairbanks Flynn*, for the appellee (named defendant).

*Opinion*

NORCOTT, J. The sole issue in this appeal[1] is whether the plaintiff, Maria Serrano, may recover damages pursuant to General Statutes § 13a-144[2] from the named

---

[1] This appeal originally was taken to the Appellate Court from the trial court's granting of summary judgment in favor of the named defendant. We transferred the appeal to this court pursuant to Practice Book § 4023, now § 65-1, and General Statutes § 51-199 (c).

[2] General Statutes § 13a-144 provides: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. Such action shall be tried to the court or jury, and such portion of the amount of the judgment rendered therein as exceeds any amount paid to the plaintiff prior thereto under insurance liability policies held by the state shall, upon the filing with the Comptroller

defendant, J. William Burns, commissioner of transportation (commissioner), for personal injuries she allegedly had suffered as a result of slipping and falling in a public parking lot. The plaintiff appeals from the judgment of the trial court granting the commissioner's summary judgment motion and dismissing her action. In this appeal, she argues that the trial court improperly granted the commissioner's motion for summary judgment because: (1) that court improperly concluded that, as a matter of law, the parking lot where the plaintiff was injured was not covered by § 13a-144; and (2) the commissioner's motion was unaccompanied by any affidavits or documentary evidence as required by Practice Book § 17-45.[3] We agree with the plaintiff's first claim,

---

of a certified copy of such judgment, be paid by the state out of the appropriation for the commissioner for repair of highways; but no costs or judgment fee in any such action shall be taxed against the defendant. This section shall not be construed so as to relieve any contractor or other person, through whose neglect or default any such injury may have occurred, from liability to the state; and, upon payment by the Comptroller of any judgment rendered under the provisions of this section, the state shall be subrogated to the rights of such injured person to recover from any such contractor or other person an amount equal to the judgment it has so paid. The commissioner, with the approval of the Attorney General and the consent of the court before which any such action is pending, may make an offer of judgment in settlement of any such claim. The commissioner and the state shall not be liable in damages for injury to person or property when such injury occurred on any highway or part thereof abandoned by the state or on any portion of a highway not a state highway but connecting with or crossing a state highway, which portion is not within the traveled portion of such state highway. The requirement of notice specified in this section shall be deemed complied with if an action is commenced, by a writ and complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice."

[3] Practice Book § 17-45 provides: "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary

and we reverse the trial court's judgment on that basis. We do not, therefore, reach the plaintiff's second claim.

The following are the relevant allegations and pretrial procedural events. The plaintiff brought this action against the commissioner and the defendant city of Middletown (city), claiming that she was injured when, due to accumulation of ice and snow, she slipped and fell in the parking lot of a public rest area located between exits 19 and 20 on Interstate 91 in the city. In her complaint, the plaintiff alleged that both the city and the commissioner were legally obligated to maintain the parking lot in a reasonably safe condition. Although the plaintiff did not expressly claim so, her causes of action address the alleged liability of the commissioner and the city under § 13a-144 and General Statutes § 13a-149,[4] respectively.

The defendants responded as follows. In its answer, the city denied having an obligation to maintain the parking lot in a reasonably safe condition. In his answer, however, the commissioner admitted that the department of transportation legally was obligated to maintain

evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings."

[4] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

the parking lot in a reasonably safe condition. On the basis of the commissioner's admission, the city moved for summary judgment.[5]

While the city's motion was pending, the commissioner also filed a motion for summary judgment. In his motion, the commissioner argued that the plaintiff could not recover damages from the state for her injuries because parking lots are not covered by § 13a-144. Subsequently, the city filed a supplemental motion for summary judgment in which it argued that parking lots also were not within the ambit of § 13a-149.[6] The trial court granted the city's motion for summary judgment, reasoning that parking lots are not covered by § 13a-149.

After the city's motion had been granted, the commissioner also filed a supplemental memorandum of law in further support of his position that parking lots are not included within § 13a-144. In a written memorandum of law in opposition to the commissioner's motions, the plaintiff argued that the commissioner was not entitled to summary judgment because whether the plaintiff's use of the parking lot was an incidental use of the highway, and thus covered by § 13a-144, was a genuine issue of fact for the jury. The trial court granted the commissioner's motion for summary judgment, reasoning that parking lots are not included within § 13a-144.

---

[5] Pursuant to Practice Book § 13-22 concerning requests for admission, the city obtained the following admission from the commissioner: "On the date of the incident alleged in the plaintiff's complaint, the State of Connecticut Department of Transportation had a legal obligation to maintain the subject parking lot in a reasonably safe condition." The city also submitted an affidavit by Salvatore Fazzino, the director of public works for the city, in further support of its contention that the city was not responsible for maintaining the parking lot.

[6] In her objection to the city's supplemental motion for summary judgment, the plaintiff argued that summary judgment was inappropriate because there remained disputed and unresolved material issues of fact regarding the city's responsibility for maintaining the parking lot.

The plaintiff appealed from both judgments of the trial court. The appeal with respect to the summary judgment in favor of the city, however, was dismissed by the Appellate Court due to untimeliness. Consequently, the only remaining appeal before this court is from the trial court's judgment in favor of the commissioner.

The plaintiff claims that the trial court improperly determined that, as a matter of law, parking lots are not covered by § 13a-144, and thus that court should not have granted the commissioner's summary judgment motion. We agree.

"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established." *Zichichi* v. *Middlesex Memorial Hospital*, 204 Conn. 399, 402, 528 A.2d 805 (1987). Practice Book § 17-49 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) *Connell* v. *Colwell*, 214 Conn. 242, 246–47, 571 A.2d 116 (1990). Summary judgment in favor of the defendant is properly granted if the defendant in its motion "raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." *Perille* v. *Raybestos-Manhattan-Europe, Inc.*, 196 Conn. 529, 543, 494 A.2d 555 (1985). On appeal, "we must decide whether the trial court erred in determining that there was no 'genuine issue as to any material fact and that the moving party

is entitled to *judgment as a matter of law*.' " (Emphasis added.) *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 292, 596 A.2d 414 (1991). Our review of the trial court's judgment is de novo because this appeal involves a question of law relating to the application of § 13a-144. *Davis* v. *Norwich*, 232 Conn. 311, 317, 654 A.2d 1221 (1995).

Our prior decision in *Baker* v. *Ives*, 162 Conn. 295, 294 A.2d 290 (1972), is instructive on this issue. In *Baker*, we held that recovery of damages for injuries sustained by travelers on state highways pursuant to § 13a-144 was not limited to injuries caused by defects in the " 'traveled portion' " of highways. Id., 302. In that case, the plaintiff had been injured after slipping and falling on an icy area that was not a traveled path on a state highway, but was within the state right-of-way line. Id., 297. The plaintiff brought an action against the state highway commissioner pursuant to § 13a-144 and, after a jury trial, the jury returned a verdict in favor of the plaintiff. Id., 296. The commissioner then moved to set aside the verdict and the trial court denied the commissioner's motion. Id. On appeal, we affirmed the trial court's ruling. Id., 307.

We affirmed the trial court in *Baker* because, in addition to the fact that the plaintiff had fallen in an area within the "state right-of-way line"; id., 297; "the proximity of the defect to the paved portion of the highway in conjunction with the fact that the locus of the fall was in an area where occupants of vehicles were invited by the state to park their cars for the purpose of walking from their cars to the stores in the vicinity warrant[ed] the conclusion that [the] defect was 'in, upon, or near the traveled path' so as to 'obstruct or hinder one in the use of the road for the purpose of traveling thereon' . . . thereby allowing recovery under § 13a-144." (Citation omitted.) Id., 302 n.3. The facts in *Baker* were such

that the commissioner was not entitled to a directed verdict as a matter of law.

In *Baker*, moreover, we determined that "[§] 13a-144 authorizes civil suits against the sovereign for injuries caused by 'the neglect or default of the state . . . by means of any defective highway . . . in the state highway system.' This statute affords a right of recovery similar to that against the municipalities under § 13a-149 and is subject to the same limitations." Id., 298. "The state is not [however] an insurer of the safety of travelers on the highways which it has a duty to repair. Thus, it is not bound to make the roads absolutely safe for travel. . . . Rather, the test is whether or not the state has exercised 'reasonable care to make and keep such roads in a reasonably safe condition for the reasonably prudent traveler.' . . . This duty of reasonable care extends to pedestrian travel as well as to vehicular traffic. . . . 'A person must be on the highway for some legitimate purpose connected with travel thereon in order to obtain the protection of the statute. . . . To qualify, a plaintiff is not obliged to remain seated in a vehicle proceeding on the highway. . . . Reasonable latitude is allowed to meet the exigencies of travel.' . . . Nor does the defect have to be on the actual traveled portion of the highway." (Citations omitted.) Id., 299.

"Whether there is a defect in such proximity to the highway so as to be considered 'in, upon, or near the traveled path' of the highway must be determined on a case-by-case basis after a proper analysis of its own particular circumstances, and is generally a question of fact for the jury, which will not be disturbed by this court unless the conclusion is one which could not be reasonably reached by the trier. . . . It is also recognized that for purposes of recovery under § 13a-149 and § 13a-144, a highway can be considered defective, as claimed in the case at bar, by reason of ice or snow,

depending, of course, on the circumstances and conditions." (Citations omitted.) Id., 300.

In its memorandum of decision, the trial court in the present case distinguished *Baker* by concluding that, in *Baker*, this court did not conclude that a parking lot was covered by § 13a-144. Consequently, the trial court did not apply *Baker* when ruling on the commissioner's motion. That court's failure to apply *Baker* was improper.

In *Baker*, although we did not specifically conclude that parking lots were covered by § 13a-144, neither did we conclude that, as a matter of law, parking lots were excluded from coverage under § 13a-144. Rather, we set out a fact based test for determining whether an area that is outside the traveled path on a highway can nevertheless fit within the definition of defective highway as provided by § 13a-144. Id., 302 n.3. Our decision in *Baker* was, therefore, based on our conclusion that the jury reasonably could have found that the plaintiff's injury had occurred in an area within the state right-of-way line,[7] and that the jury also could have found that the "defect was 'in, upon, or near the traveled path' so as to 'obstruct or hinder one in the use of the road for the purpose of traveling thereon' . . . ." Id.

In ruling on the commissioner's motion, the trial court also cited our decision in *Amore* v. *Frankel*, 228 Conn. 358, 636 A.2d 786 (1994), for the proposition that

[7] Whether the place of injury is within the state right-of-way line is the threshold inquiry in determining the state's liability, if any, under § 13a-144. Although the trial court recognized the significance of the fact that the plaintiff in *Baker* had been injured in an area within the state right-of-way line, the court did not specifically find that the plaintiff, in the present case, had not been injured within the state right-of-way line. As the movant, the commissioner had the burden to propound facts to show that the place of the plaintiff's injury was not within the state right-of-way line. Although the commissioner could have met his burden by reference to appropriate public records, the commissioner did not do so.

because this court determined in *Amore* that "a driveway on the campus of the University of Connecticut is not within the ambit of § 13a-144," it is unlikely that a parking lot away from the highway[8] would be construed by this court to be covered by that statute. We disagree with this reasoning.

The driveway in *Amore* was located on property that was within the jurisdiction of a state agency other than the department of transportation. Id., 368. We concluded very specifically that the commissioner is not liable for injuries occurring on such areas unless " 'the state agency having jurisdiction over the property involved' . . . [has requested that the commissioner] maintain such roads and drives pursuant to [General Statutes] § 13b-30 . . . ." Id., 365. In other words, our conclusion in *Amore* rested on the fact that the driveway in question was not within the "state highway system" because the property was under the jurisdiction of another state agency. Id., 368.

In focusing on the fact that the property in question in *Amore* was a driveway, the trial court ignored the consideration that our conclusion in *Amore* centered on whether it was the department of transportation, or some other state agency, that maintained jurisdiction over the property. *Amore* does not stand for the proposition that a driveway cannot, as a matter of law, be the site of a compensable injury under § 13a-144. Therefore, extrapolation from that proposition to the location at issue in the present case would be incorrect. As a result, the trial court's reliance on *Amore* in its resolution of this matter was misplaced.

[8] Under Practice Book § 17-45, a motion for summary judgment must be supported by appropriate documents. The record before us does not show that there was anything before the trial court upon which that court could have determined the location of the parking lot and its relative distance to the traveled portion of the highway. Consequently, we are unable to review that court's conclusion with respect to the proximity of the parking lot to the highway.

At issue in the present appeal is whether, in an action against the commissioner pursuant to § 13a-144, a personal injury occurring in a parking lot that is within the state right-of-way line, and is in a public rest area connected to a highway, is not compensable as a matter of law. In *Baker* v. *Ives*, supra, 162 Conn. 300, we stated that "a highway can be considered defective . . . by reason of ice or snow, depending, of course, on the circumstances and conditions"; that the "duty of reasonable care extends to pedestrian travel as well as to vehicular traffic"; id., 299; and that § 13a-144 applies to "defect[s] in such proximity to the highway so as to be considered 'in, upon, or near the traveled path' . . . ." Id., 300. With respect to the latter, facts showing that highway travelers are invited by the state to use a rest stop along the highway may establish that the use of such an area is so closely related to travel upon the highway that such an area is part of the state highway system. We see no significant difference between an area within the state right-of-way line that is adjacent to the traveled portion of a highway, and to which, as in *Baker*, the travelers are invited by the state, and an area that is away from the traveled portion of the highway, which otherwise fits the factors set out in *Baker*. We conclude, therefore, that in light of *Baker*, the question of whether the plaintiff is entitled to recover pursuant to § 13a-144 is one for the fact finder.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.