[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant, Connecticut Resource Recovery Authority ("CRRA"), has moved for summary judgment on all counts of the revised complaint. The plaintiffs, Phillip P. Armetta, Lisbon Industrial Park, L.P.; Lisbon Resource Recovery, L.P.; Regional Landfill Development of Lisbon, Inc.; and Dainty Rubbish Services, have alleged in the first five counts of that complaint that CRRA violated the Connecticut Antitrust Act, Conn. Gen. Stats § 35-24, et seq.; in the sixth count that it violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stats. § 42-110a, et seq.; in the seventh count that it intentionally interfered with the plaintiff's business expectancies, and in the eighth count that it defamed plaintiff Armetta.
The defendant takes the position that because it has filed a motion for summary judgment claiming a lack of factual basis for the plaintiffs' claims, the plaintiff has the burden of proving his case through affidavits and other submissions.
While the federal courts at times have come very close to such an approach in applying Rule 56 of the Federal Rules of Civil Procedure, see, e.g., R.B. VenTures, Ltd. v. Shane,112 F.3d 54 (2d Cir. 1997), Connecticut's courts have not construed the state procedures for summary judgment to impose such a requirement on the nonmovant. Practice Book § 17-49 imposes the duty of showing what the facts are on the party seeking summary judgment:
 The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Generally, a defendant seeking summary judgment on the basis of special defenses of immunity or exemption from liability moves for summary judgment on the defenses, setting forth the facts that support the conclusion that it is within the ambit of the immunity defined, or that it qualifies for the exemption invoked. Connecticut's appellate courts have approved the use of motions CT Page 6448 for summary judgment to establish the applicability of defenses that defeat a plaintiff's claim; however, the burden of showing the facts that establish the defense is on the defendant-movant, not on the plaintiff See, e.g., Sanborn v. Greenwald,39 Conn. App. 289, 292-93, cert. denied, 235 Conn. 925 (1995) (summary judgment on statute of limitation defense.)
In the case before this court, the defendant instead asserts that the plaintiffs cannot show that the defendant engaged in conduct for which it is not immune or exempt. The movant has not submitted affidavits or other competent material to establish what its actions were; rather, it asserts that at his deposition, plaintiff Armetta identified as actionable only CRRA's vigorous campaign against the waste disposal facility the plaintiffs sought to develop. The defendant's motion rests on the curious view that a plaintiff's proof is limited to the contents of his own deposition.
The Connecticut Supreme Court very recently, in Serrano v.Burns, 248 Conn. 419 (1998), confirmed that the burden is on the defendant movant to show what the facts are when that party asserts that the plaintiff has no cause of action. In that case, the defendant claimed that the off-highway rest area where the plaintiff claimed to have fallen on ice and snow was not within the scope of the statute subjecting the state to liability for highway defects. The Court noted that the Commissioner had "the burden to propound facts to show that the place of the plaintiff's injury was not within the state right-of-way line." Serrano v.Burns, supra, 248 Conn. 419 n. 7. Notably, in contrast to the approach suggested by the defendant, the Supreme Court did not require the plaintiff to present facts on the issue, but, rather, put the burden of production on the movant.
The movant has asserted as a ground for summary judgment that "the state action doctrine of the Connecticut Antitrust Act exempts CRRA's activities in this case from liability under that statutory scheme. A similar exemption prevents the plaintiff's CUTPA action." The applicability of the claimed exemptions depends on what the defendant's activities were. The defendant has not produced competent evidence to establish these facts. The claimed exemption, Conn. Gen. Stat. § 35-31(b), exempts from antitrust liability "activities of any person when said activity is specifically directed or required by a statute of the state, or of the United States." The movant has not submitted affidavits or other competent evidence to establish what its activities were CT Page 6449 and that they were "specifically directed" by statute. Instead, it asks this court to assume that the facts are as found in other litigation in which the plaintiffs were not parties, and to interpret the phrase "specifically directed or required" as meaning no more than that an activity was within the CRRA's statutory authority, a debatable equation.
The defendant claims as another ground for summary judgment that the plaintiffs, who have alleged that they are planners and developers of a solid waste-to-energy management and landfill site, not operators of the facility, have no standing to claim an antitrust violation. CRRA has not alleged lack of standing to allege a violation of CUTPA or the common law claims. Read in the manner most favorable to the plaintiffs, Serrano v. Burns, supra,248 Conn. 424, the complaint alleges that the defendant's alleged anticompetitive behavior concerned competition in planning and developing waste treatment facilities, the activity in which the plaintiffs claim to be engaged. (Revised Complaint, Count One, paragraphs 5 and 7.)
The defendant has further asserted that it is entitled to summary judgment because the actions claimed by the plaintiff to be actionable were CRRA's lobbying against, and court proceedings challenging, the project in which the plaintiffs were involved. CRRA invokes the Noerr-Pennington doctrine, making the astonishing assertion that this doctrine, which protects the First Amendment rights of individuals to petition the government, is a doctrine that protects it, "a public instrumentality and political subdivision" so denominated explicitly by statute, Conn. Gen. Stat. § 22a-261, from redress by individuals. SeeUnited Mine Workers v. Pennington, 381 U.S. 657 (1965); andEastern R.R. Presidents Conference v. Noerr Motor Freight,365 U.S. 127 (1961).
Even after the plaintiffs properly pointed out in their brief in opposition to the motion for summary judgment the fundamental misconception of the defendant's view of the Bill of Rights as creating protections for the government, rather than from
the government, the defendant maintained this position in a reply brief. Lest the defendant waste the court's time and its opponents' resources in further exploration of this theme, it is hereby noted that the doctrine is not applicable.
Conclusion
The movant has failed to show what the facts are and that they entitle the defendant to judgment. The defendant's motion CT Page 6450 for summary judgment is denied. Trial is scheduled to commence on July 17, 2000.
Beverly J. Hodgson Judge of the Superior Court