[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS MOTIONS FOR SUMMARY JUDGMENT
This is a case of first impression in Connecticut as to the interpretation of the Uniform Commercial Code relative to this factual situation.
 FACTS
This case arises out of the payment by the defendant (also known as "Fleet") of a check issued by the plaintiff, Coregis Insurance Company (hereinafter also "Coregis") in settlement of a personal injury claim made by Joseph Walton. On October 5, 1995, Walton, who was then a minor, suffered serious injuries at West Feliciana High School in Baton Rouge, Louisiana where he was a student. Subsequently, Walton's mother, Delores Carpenter, retained Trudy Avants as counsel to represent her and her son in CT Page 10126 connection with their claim against the West Feliciana School Board and its insurer, the plaintiff, Coregis.
In August or September of 1996, one of the plaintiff's adjusters reached an agreement with Avants to settle the claim for $50,000. On September 11, 1996, Avants and two unknown persons claiming to be Carpenter and Walton signed settlement documents before a notary, forging the names of Walton and Carpenter. The settlement check issued by the plaintiff was made payable to the order of:
 "TRUDY AVANTS ATTORNEY FOR MINOR CHILD JOSEPH WALTON, MOTHER DELORES CARPENTER 11762 S. HARRELLS FERRY ROAD # E
BATON ROUGE LA 70816."
Avants endorsed the check along with two unknown individuals who forged the names of Carpenter and Walton. The check was later presented for payment to Fleet which became the drawee bank. The defendant accepted the settlement check and charged the plaintiffs account in the amount of $50,000.
There is no dispute that the signatures of Walton and Carpenter were forged by others unknown on both the settlement agreement and as endorsers of the check.
The plaintiff filed its complaint on May 19, 1998, claiming that the settlement check was not properly payable under General Statutes § 42a-4-401. The defendant filed a motion for summary judgment, accompanied by a memorandum of law, on August 28, 1998. The plaintiff filed a cross-motion for summary judgment on January 25, 1999, along with a memorandum of law in opposition to the defendant's motion for summary judgment and in support of its cross-motion. The defendant supplied a memorandum of law in opposition to the plaintiffs cross-motion dated February 5, 1999. The court heard oral argument on May 3, 1999.
 STANDARD OF REVIEW
Pursuant to Practice Book § 17-49, formerly § 384, "[s]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party CT Page 10127 is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Department of Social Services v. Saunders,247 Conn. 686 696, 724 A.2d 1093 (1999). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp. ,233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424, ___ A.2d ___ (1999). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue. Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
 ISSUES
The defendant argues that it is entitled to summary judgment because the settlement check was properly payable to Avants, and her signature was the only one necessary to negotiate the check. The defendant contends that the court should ignore the two forgeries on the back of the check. The defendant insists that the check was payable to Avants as a single payee, and as the attorney for both Carpenter and Walton. According to the defendant, even if there exists an ambiguity concerning whether the check required one or more endorsements, the check was still properly payable to a single payee. The defendant argues that since there is no issue of fact concerning whether Avants was a payee, then her signature was the only one necessary to negotiate the check. The plaintiff contends, however, that the check was payable both to Avants and Carpenter and required both of their signatures. The plaintiff also argues that the settlement check was not properly payable because the check contained two forged endorsements. Therefore, the plaintiff insists that the defendant is liable for the loss created by the forgeries.
 I
According to General Statutes § 42a-4-401 (a), "[A] bank may charge against the account of a customer an item that is properly payable from that account even though the charge creates an overdraft. An item is properly payable if it is authorized by the customer and is in accordance with any agreement between the customer and bank." Official Comment 1 to § 4-401 of the Uniform Commercial Code (and to C.G.S. Sec. 42a-4-401) states in CT Page 10128 pertinent part: "An item containing a forged drawer's signatureor forged indorsement is not properly payable." Emphasis added. A.L.I. Uniform Commercial Code (14th Ed. 1995) § 4-401, official comment 1; C.G.S. Sec. 42a-4-401 UCO Comment 1.
 II
General Statutes § 42a-3-110 (d) states: "If an instrument is payable to two or more persons alternatively, it is payable to any of them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them. If aninstrument payable to two or more persons is ambiguous as towhether it is payable to the persons alternatively, theinstrument is payable to the persons alternatively. Emphasis added. The settlement check issued by the plaintiff was made payable to the order of:
 "TRUDY AVANTS ATTORNEY FOR MINOR CHILD JOSEPH WALTON, MOTHER DELORES CARPENTER 11762S. HARRELLS FERRY ROAD # E
BATON ROUGE LA 70816."
The plaintiff argues that this language unambiguously indicates that the check was made payable jointly to Avants in her representative capacity, and Carpenter. Thus, the plaintiff contends that both signatures were required to negotiate the check. The defendant argues that it is payable only to Avants since the plaintiff has admitted that she served as the attorney for both Walton and Carpenter.
This court finds that the language concerning the payee(s) of the settlement check is ambiguous. One could reasonably conclude that Avants was the only payee or that there were multiple payees on the check. The evidence presented to the court indicates that the address on the check was Avants' address. However, the check easily could have included the words "both" and "and" in order to explicitly indicate that Avants acted as the sole payee. Instead, the check includes a comma, and adds Avants' address, thereby creating an ambiguity. Even if this court interpreted the language on the check as payable to two payees, there still CT Page 10129 exists an uncertainty as to whether the settlement check was payable alternatively or not alternatively. With an ambiguity concerning to whom and how the check was payable, Avants' signature was the only one necessary to negotiate the check under General Statutes § 42a-3-110(d).
 III
Even though Avants' signature was the only one necessary to negotiate the settlement check under General Statutes §42a-3-110(d), the forged signatures on the back of the check constituted endorsements, and therefore, the check was not properly payable. The inclusion of forgeries on the check made an instrument that was properly payable to Avants no longer properly payable.
An "endorsement" is "a signature, other than that of a signer as maker, drawer, or acceptor[1], that alone or accompanied by other words is made on an instrument for the purpose of (i) negotiating the instrument, (ii) restricting payment of the instrument, or (iii) incurring endorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than endorsement." General Statutes § 42a-3-204(a).
In this case, Avants and two unknown parties signed the back of the settlement check in the area generally used for an endorsement. The defendant argues that there is an issue of fact concerning the intent of the persons who forged Carpenter's and Walton's signatures. However, the signer's intent is irrelevant because the defendant fails to demonstrate how the forged signatures were for any other purpose than endorsement. General Statutes § 42a-3-204 (a) clearly indicates that the court must assume such signatures are endorsements regardless of the signer's intent when there are no unambiguous circumstances that indicate otherwise.
The defendant also argues that the forgeries constitute "anomalous endorsements" under General Statutes § 42a-3-205
(d), and, therefore, should be ignored. An "anomalous endorsement' means an endorsement made by a person who is not the holder of the instrument. An anomalous endorsement does not CT Page 10130 affect the manner in which the instrument may be negotiated." General Statutes § 42a-3-205 (d). While the two unknown parties were not "holders" of the settlement check, they were acting as holders "to negotiate the instrument", and Hibernia Bank took them as endorsers[2]. Further, even if they were anomalous, it didn't affect the manner in which the instrument was negotiated. Certainly the statute was not intended to address endorsements that were forged.
 IV
There is an ambiguity concerning the number of payees that were necessary to endorse the settlement check. However, this ambiguity is irrelevant since the check was not properly payable because of the existence of forged endorsements. There is no genuine issue of material fact, and the plaintiff is entitled to judgment as a matter of law. The defendant is not. Accordingly, the defendant's motion for summary judgment is denied, and the plaintiffs motion for summary judgment is granted[3].