[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM (#124)
 FACTS
The plaintiff, William Engdall, filed an amended five-count complaint on February 25, 1999. In the second count, the plaintiff alleges the following facts. The defendants, Wadsworth Enterprises and Wadsworth Family Trust, entered into a lease agreement with the plaintiff on or about December 9, 1992 for certain real property located in Waterford. The term of the lease was from January 1, 1993 to December 31, 1997, and that the plaintiff, as lessee, had an option to renew the lease for an additional term. The plaintiff exercised this option but was nevertheless served with a notice to quit possession of the premises on or before October 1, 1997.
The plaintiff further alleges the following facts. He and the defendant Wadsworth Enterprises, acting by the defendant John H. Wadsworth, entered into an agreement dated November 17, 1992 that if the leased property were ever sold to parties outside the Wadsworth family, the plaintiff would have the privilege of first refusal. The plaintiff was invited by the partners of the defendant Wadsworth Enterprises to submit an offer to purchase the premises, and on or about June 25, 1996, he offered to purchase the premises for $500,000. The plaintiff's offer was refused by the defendant. On or about April 8, 1997, the plaintiff was informed by John Wadsworth of Wadsworth's plan to purchase the property and remove the plaintiff from possession of the property. On or about July 11, 1997, and without notice to the plaintiff, Wadsworth Enterprises conveyed the premises to D.E.W. Enterprises, L.L.C., of which John Wadsworth is manager and owner. The plaintiff alleges damages as a result of the alleged breach of the agreement.
On June 28, 1999, the defendants filed an answer with special defenses and a counterclaim. The counterclaim, which is the subject of the present motion, alleges that the right of first refusal, or preemptive option, is void and of no effect. The CT Page 16010 first count alleges that the preemptive option fails to set forth its duration and a method for determining the price to be paid for the property, and that the preemptive option is therefore an unreasonable restrain on alienation. The second count alleges that the preemptive option fails to set forth any restrictions which limit the future interest granted to the plaintiff and is therefore in violation of the statutory rule against perpetuities. The defendants seek an order voiding the preemptive option and requiring the plaintiff to provide a release of the option. The defendants also seek money damages, attorney's fees, costs and expenses and other relief as the court deems proper. The plaintiff filed a reply to the counterclaim on August 6, 1999.
On October 7, 1999, the defendants filed a motion for summary judgment on the counterclaim and a memorandum of law in support of the motion. On October 29, 1999, the plaintiff filed an objection to the motion for summary judgment. The objection is accompanied by the plaintiff's affidavit and other documentary evidence including a copy of the November 17, 1992 agreement regarding the plaintiff's right of first refusal.[1]
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999). "Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light CT Page 16011 most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v. Burns,248 Conn. 419, 424, 727 A.2d 1276 (1999).
The defendants argue that the right of first refusal, or preemptive option, in this case is an unreasonable restraint on alienation and should therefore be declared void. Specifically, the defendants claim that because the provision creating the preemptive option makes no mention of the duration of the right or a method for determining the price to be paid by the plaintiff in exercising the right, the provision is unreasonable as a matter of law. The plaintiff, in his memorandum of law, responds that there exists a genuine issue of fact in this case because the court, in determining the reasonableness of the preemptive option, must engage in factual determinations regarding the purpose of the option, the duration of the option, and the method to be used in determining the price.
"A right of first refusal is known more technically as a preemptive option, as a right of preemption, or simply as a preemption. "A right of pre-emption is a right to buy before or ahead of others; thus, a pre-emptive right contract is an agreement containing all the essential elements of a contract, the provisions of which give to the prospective purchaser the right to buy upon specified terms, but, and this is the important point, only if the seller decides to sell. It does not give the pre-emptioner the power to compel an unwilling owner to sell, and therefore is distinguishable from an ordinary option.' Annot., 40 A.L.R.3d 920, 924 (1971)." (Footnote omitted.) Hare v. McClellan,234 Conn. 581, 588-89, 662 A.2d 1242 (1995).
"Whether a preemptive option is reasonable or unreasonable is a question of law for the court. . . . In making its determination of whether such a preemptive option is reasonable, the court must take into account the following factors: (1) the purpose of the pre-emption, (2) its duration,[2] and (3) the method of determining the price to be paid. . . . Thus, although the court's ultimate determination of the reasonableness of the preemptive option is a legal one, the court can make that legal determination only after engaging in factual determinations regarding the purpose, duration and method of setting the price for the parcel in question." (Citations omitted; internal quotation marks omitted.) Hare v. McClellan, supra, 234 Conn. 589-590. CT Page 16012
Here, the agreement regarding the preemptive option provided that "there is a mutual agreement between William G. Engdall, and Wadsworth Enterprises and Wadsworth Family Trust, a partnership, that if the property known as Waddy's Mago Point Marina is to be sold to parties outside the Wadsworth family that William G. Engdall will have the privilege of First Refusal." The defendants argue that, under the Supreme Court's holding in Hare v.McClellan, supra, 234 Conn. 581, this preemptive option is an unreasonable restraint on alienation because it fails to state the duration of the option and the method by which the option price is to be determined. The defendants state that "the Right of First Refusal lacks a minimum of two of the three requirements . . . to qualify it as a reasonable restraint on alienation."
The defendants' conclusion misstates the Supreme Court's holding. In Hare v. McClellan, supra. 234 Conn. 581, the plaintiff sought an injunction requiring the defendant to convey to him a certain parcel of land on which the plaintiff claimed to have a preemptive option. Id., 583. The preemptive option provided that "[i]n the event that the Seller offers for sale land contiguous to the within described premises, with exceptions and qualifications as hereinafter noted, the Buyer shall have an option to purchase same for the asking price and for a period not to exceed thirty days after written notice has been mailed by the Seller to the Buyer at the Buyer's last known address." Id., 584. The defendant moved for summary judgment on the ground that the preemptive option was an unreasonable restrain on alienation. Id., 585. The trial court granted the defendant's motion. The Supreme Court reversed on the ground that the trial court had failed to consider the three factors mentioned above. Id., 593. The case was remanded to the trial court for factual findings regarding the three factors despite the fact that the language creating the preemptive option made no mention of its purpose. Id., 597. Consequently, Hare cannot stand for the proposition, as stated by the defendants, that the language creating a preemptive option must specifically mention duration, purpose, and method of determining price.
The defendants argue, however, that the court may not look to parol or extrinsic evidence in order to determine the duration of the preemptive option or the method of determining the price. The defendants agree with the plaintiff that extrinsic evidence is always admissible "to explain an ambiguity appearing in the CT Page 16013 instrument." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 780, 653 A.2d 122 (1995). "In arriving at the intent expressed . . . in the language used, however, it is always admissible to consider the situation of the parties and the circumstances connected with the transaction, and every part of the writing should be considered with the help of that evidence." Hare v. McClellan, supra, 234 Conn. 593-94. This court, therefore, may consider extrinsic evidence in determining what the parties specifically meant when they provided for a "privilege of First Refusal."
Furthermore, contrary to the defendants' assertion, the failure to specifically mention the duration of the option and the method for determining the price does not render the preemptive right unreasonable, because the Supreme Court has "long held that an agreement will not be rejected if the missing terms can be ascertained, either from its express terms or by fair implication." Presidential Capital Corp. v. Reale,231 Conn. 500, 507-08, 652 A.2d 489 (1994). "Commentators and other courts have followed this approach as well. The supplied terms, referred to by Professors Calamari and Perillo as `gap-fillers,' are implied not because they are just or reasonable, but rather for the reason that the parties must have intended them and have only failed to express them . . . or because they are necessary to give business efficacy to the contract as written, or to give the contract the effect which parties, as fair and reasonable [persons], presumably would have agreed if, having in mind the possibility of the situation which had arisen, they contracted expressly in reference thereto." (Internal quotation marks omitted.) Id., 508 n. 7. The preemptive option is not automatically void, therefore, simply because some of the terms of the agreement are missing. As stated above, the determination of whether the preemptive option is valid and reasonable can be made only after factual determinations regarding the purpose, duration, and method of setting the price for the property.
 CONCLUSION
Whether a preemptive option is reasonable is a question that can only be answered on the basis of factual findings regarding the preemptive option's purpose, duration, and method of determining the price. Consequently, there remain genuine issues of material fact to be decided with respect to the counterclaim. Furthermore, an agreement for a preemptive option is not void as a matter of law, simply because some terms of the agreement are CT Page 16014 missing. The defendants' motion for summary judgment is therefore denied.
D. Michael Hurley Judge Trial Referee