[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMOARANDUM RE: MOTION FOR SUMMARY JUDGEMENT #111
The issue in this motion for Summary Judgment concerns insurance coverage on a barn located on property owned by the plaintiff on Guernseytown Road in the town of Watertown. The plaintiff owns two residences on Gueruseytown Road, one that he maintains as his personal residence know as 1460 Guernesytown Road, (hereinafter "1460")and the other that he leases to others which is known as 1400 Guernesytown Road.(herinafter "1400"). Both residences were acquired by the plaintiff by one deed and are contiguous to each other. The residence at 1400 was insured with the New London Insurance Company and the residence at 1460 was insured with the defendant the Citizen Insurance Company of America. Located on the parcel on which both of the residences are located was a barn which admittedly was physically located closer to the 1400 residence. On August 13, 1996, the property located at 1400 was involved in a fire, which damaged the residence and destroyed the barn and all of its contents. The plaintiffs recovered for damage to the house at 1400 and the barn from the policy with the New London Insurance Company, but the amount received did not cover the total value of the damage to the barn and its contents. (Affidavit of Joseph Calabrese, para. 9). The plaintiffs allege that they promptly notified the defendants of the fire and the damages, and demanded coverage for damages to the loss of the barn and its contents claiming that the insurance policy with the defendant company covered in addition to the residence at 1460 "other structures" and that the barn located on the parcel owned by the plaintiff was included within the definition of "other structure". The defendant has denied the plaintiff's claim on two grounds. It is the claim of the Citizen Insurance company that the barn is not covered within the definition of other structure since it is an "other structure" of the 1460 property and that even if it were covered CT Page 2392 under its policy it would not be responsible for the loss since "other structures" were not covered if used in whole or in part for business and the barn was used to store property formerly used in the plaintiff's business. Both parties have filed Motions for Summary Judgment.
Practice Book § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Riverav. Double A. Transportation. Inc., 248 Conn. 21, 24, 707 A.2d 209
(1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serranov. Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
"The construction of an insurance contract presents a question of law." Peerless Co. v. Gonzales, 241 Conn. 476, 483,697 A.2d 680 (1997). "It is the function of the court to construe the provisions of the contract of insurance. . . . The interpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy. . . . It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy. . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy." (Brackets in original; citations omitted; internal quotation marks omitted.) Springdale Donuts, Inc. v. Aetna Casualty Surety Co., 247 Conn. 801, 805-06, 724 A.2d 1117 (1999).
Section I, Coverage B of the plaintiffs' homeowners insurance policy with the defendant provides: "We cover other structures on the `residence premises' set apart from the dwelling by clear space. . . . We do not cover other structures; 1. Used in whole or in part for `business.'" The contract defines the term "residence premises" to mean "a. The one family dwelling, other structures, and grounds; or b. the part of any other building; where you reside and which is shown as the `residence premises' in the Declarations," and the term "business" to include "trade, CT Page 2393 profession or occupation." The court finds that the language of this insurance contract is ambiguous because the "residence premises" is not adequately defined. The barn could conceivably be located on the "residence premises". "It is true that when the terms of a policy are ambiguous, construction most favorable to the insured will be adopted." (Internal quotation marks omitted.)Peerless Co. v. Gonzales, supra, 241 Conn. 482. "The determinative question is the intent of the parties, that is, what coverage . . . the [plaintiffs] expected to receive and what the defendant was to provide, as disclosed by the provisions of the policy." Wallingford v. Hartford Accident Indemnity Co.,231 Conn. 301, 305, 649 A.2d 530 (1994). In this matter, the plaintiffs' barn is located about 250 yards from 1460 Guernseytown Road. (Affidavit of Joseph Calabrese, para. 3). Moreover, 1400 an 1460 are both described on the same deed and therefore, the barn also located on the same parcel could be construed as being part of the "residence premises."
Nevertheless, the plaintiffs used the barn for their own purposes to store equipment that was once used by the plaintiffs' business, the Calabrese Construction Company, which has been dormant since 1996. (Affidavit of Joseph Calabrese, para. 7-8). "The term `business pursuits' means a continued or regular activity that is conducted for the purpose of profit, such as trade, profession or occupation . . . . [and] that the term `business pursuits' for the purposes of the exclusionary clause in the . . . policy contemplates a continuous or regular activity engaged in by the insured for the purpose of earning a profit or a livelihood. The determination of whether a particular activity constitutes a business pursuit is to be made by a flexible fact — specific inquiry." Pacific Indemnity Insurance Co. v.Aetna Casualty Surety Co., 240 Conn. 26, 31-33, 688 A.2d 319
(1997). There is, therefore, a genuine issue of material fact as to whether the plaintiffs' barn was used for a "business" as defined in the homeowners insurance policy.
There are issues of fact to be determined in this case. The plaintiff's motion for summary judgment is denied. Likewise, the defendants motion for summary judgment is also denied.
Pellegrino, (J).