[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#108)
 I. BACKGROUND
On April 14, 1998, the plaintiff, Richard J. Arremony, filed a single count complaint against the defendant, American States Ins. Co., seeking payment for injuries and loses that the plaintiff sustained as a result of an automobile accident with James McCauley, an uninsured motorist. The plaintiff seeks recovery from the defendant pursuant to the uninsured motorist provisions of his personal automobile insurance policy, which he maintained with the defendant at the time of the accident.
Presently and at the time of said accident, the plaintiff was employed by Connecticut Light Power ("CLP"). The complaint alleges that on or about July 1, 1995, the plaintiff was traveling westbound on West Main Street in Branford, Connecticut. The plaintiff was responding to a "Call Before You Dig" inquiry, and was acting within the course and scope of his employment. The plaintiff was driving a 1989 Chevrolet truck which was assigned to him by his employer, CLP, but owned by BLC Corporation, which is the leasing company used by Northeast Utilities. The plaintiff stopped at the intersection of West Main Street and Short Beach Road, intending to make a left hand turn. McCauley was traveling on West Main Street in an eastbound direction. As the plaintiff commenced making said left hand turn onto Short Beach Road, McCauley allegedly proceeded through a red light and as he crossed K through the intersection, he collided with the plaintiff's vehicle. As a result of this collision, the plaintiff has sustained significant injuries and damages, and has had to undergo substantial medical treatment. At the time of the accident, McCauley did not maintain a policy of liability insurance. The insurance carrier of McGuire, the owner of the vehicle driven by McCauley, denied coverage.
On May 27, 1 998, the defendant filed its answer and special defenses. On January 27, 1999, the defendant filed a motion for summary judgment, as well as a memorandum of law and supporting documentary evidence. The plaintiff filed an objection to the defendant's motion on December 27, 1999, along with a memorandum of law and supporting documentary evidence. Thereafter, the defendant filed a reply to the plaintiff's objection to summary judgment, on December 30, 1999.
 II. DISCUSSION
CT Page 3303
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714, 735 A.2d 306 (1 999); "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v.Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998).
In the present matter, the defendant moves for summary judgment on the ground that it is not obligated to pay uninsured motorist benefits to the plaintiff, because pursuant to the plaintiff's individual policy, the policy is only to be excess to the policy covering the vehicle which the plaintiff was occupying at the time of the accident.
The plaintiff's policy of insurance provides; in relevant part: "While "occupying' a vehicle not owned by that "insured', or while not "occupying' any vehicle, the following priorities of recovery apply:
FIRST The Uninsured/Underinsured Motorists Coverage applicable to the vehicle the 'insured' was 'occupying' at the time of the accident.
SECOND Any policy affording Uninsured/Underinsured Motorists CT Page 3304 Coverage to the 'insured' as a named insured.
THREE Any policy affording Uninsured/Underinsured Motorists Coverage to the 'insured' as a 'family member'."
Defendant's Exhibit C, p. 9.
The defendant contends that summary judgment is proper because the plaintiff seeks to recover from the excess, or secondary provider of uninsured motorist benefits without first having exhausted the primary uninsured motorist coverage on the vehicle which he was occupying at the time of the accident, in violation of General Statutes § 38a-336(d). In support of its motion, the defendant has included a copy of the accident and incident reports, which indicate that the truck which the plaintiff was driving was insured by Nationwide Insurance Company, a copy of the deposition of the plaintiff and the pertinent provisions of the plaintiff's insurance contract with the defendant.
General Statutes § 38a-336(d) provides, in relevant part: "If a person insured for uninsured and underinsured motorist coverage is an occupant of a nonowned vehicle covered by a policy also providing uninsured and underinsured motorist coverage, the coverage of the occupied vehicle shall be primary and any coverage for which such person is a named insured shall be secondary. All other applicable policies shall be excess.
The plaintiff contends that although the police report indicates that at the time of the accident, the owner of the truck in which the plaintiff was traveling, BLC, maintained insurance on said vehicle through Nationwide, the policy was not in effect at the date and time of the accident. The plaintiff has attached a copy of the Nationwide policy which, according to the police report, was formerly used to insure the truck. As the document shows, however, the truck was not insured by Nationwide at the time of the accident. The plaintiff has also attached the affidavit of David Manning, which states that Nationwide did not insure the vehicle in question on the date of the collision. In fact, the plaintiff previously brought a claim against Nationwide in regards to the alleged policy on the vehicle owned by BLC, however, Nationwide has disclaimed that it provided coverage for the subject vehicle at the time of the underlying accident.
The defendant contends, however, that in order for the plaintiff to recover for his injuries, he must prove either (1) CT Page 3305 that he has exhausted the limits of any policy covering the occupying vehicle; or (2) that there is, in fact, no insurance on the vehicle. The defendant argues that the plaintiff has merely demonstrated that Nationwide did not insure the vehicle on the date and time of the accident. Thus, the defendant contends, the plaintiff has not met his burden of showing the existence of a genuine issue of material fact.
This court is satisfied that the truck operated by the plaintiff was not insured by the Nationwide policy at the time of the accident. There remains, however, a genuine issue of material fact as to whether the truck was insured by any other insurance company at the time of the accident. Since there is a genuine issue of material fact, it would be improper for this court to grant this court to grant the defendant's motion for summary judgment. For the foregoing reasons, the defendant's motion for summary judgment is denied.
D. Michael Hurley, Judge Trial Referee