[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT ONE (CONTRACT)[1]
Defendant is an attorney sued in contract and tort for her representation of plaintiff in the sale of realty. It is said that her representation caused plaintiff to unwittingly convey two parcels when he intended to transfer but one. Defendant attorney seeks summary judgment on statute of limitations grounds as to each count.
The plaintiff, John ajda, filed a revised two count complaint on April 29, 1996.[2] The complaint alleges the following facts. On or about December 18, 1988, the plaintiff engaged the services of the defendant, CT Page 150 attorney Joan Yudkin, to represent the plaintiff in the sale of one lot of a two lot subdivision that was owned by the plaintiff. The agreement between the two parties was oral. As part of her services, the defendant drafted a deed for the purpose of transferring the plaintiff's property. The plaintiff signed the deed on or about January 30. 1989, and the deed was delivered to the purchasers. In count one, the plaintiff alleges that the defendant breached her agreement with him because the deed that she drafted conveyed title to both lots, not the one lot as agreed. As a result of the defendant's breach of contract, the plaintiff lost use of the second lot, the value of the lot, and incurred substantial expenses in unsuccessful effort to recover the lot. In addition, the plaintiff paid property taxes on the second lot for a period of six years because he believed that he still held title.[3] In count two, the plaintiff alleges that the defendant was negligent and that her negligence was the proximate cause of the plaintiff's losses.
On May 7, 1996, the defendant filed an answer and three special defenses. The first special defense alleges that the plaintiff's action in oral contract (count one) did not accrue within three years of the commencement of the action in violation of the statute of limitations, General Statutes § 52-581. The second special defense alleges that the plaintiff's right of action in negligence (count two) did not accrue within three years of the commencement of the action, in violation of the statute of limitations, General Statutes § 52-577. The defendant's third special defense alleges that the plaintiff's action in oral contract (count one) is actually a claim for negligence that did not accrue within the time limit set by General Statutes § 52-577.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419,424, 727 A.2d 1276 (1999)
The defendant moves for summary judgment on the ground that there are no genuine issues of material fact as to the defendant's special defenses that the plaintiff's claims are barred by the statute of limitations. The Practice Book contains no provision for a motion for summary judgment as to special defenses. "The Superior Courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book § [17-49] makes no provision for it. . . . While the court agrees that it is technically improper to seek CT Page 151 summary judgment on a special defense, a fair interpretation of the motion for summary judgment indicates that the defendant seeks summary judgment as to . . . the plaintiff's complaint. (Brackets in original; citation omitted.) Cavendish-Pell v. Howell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket o. 153146 (March 3, 2000, Lewis, J.). This court feels it appropriate that the court should consider the defendant's motion for summary judgment as a challenge to counts one and two of the complaint.
 I
The defendant moves for summary judgment on the ground that the plaintiff's action in oral contract (count one) is in violation of General Statutes § 52-581, which requires "[n]o action founded upon any express contract or agreement which is not reduced to writing . . . shall be brought but within three years after the, right of action accrues." General Statutes § 52-581(a). This statute of limitations is, however, not the only statute that applies to oral contracts. "There are two Connecticut statutes of limitation governing oral contracts. One, [General Statutes § 52-576], allows a period of six years, and applies to executed or simple parol contracts, i.e., those contracts where, at the time of the breach, one party has completely performed, and all that remains is for that party to be paid. See Tierney v. AmericanUrban Corp., 170 Conn. 243, [243], 365 A.2d 1153 (1976). The second, [General Statutes § 52-581], allows a period of three years, and applies to executory contracts. An executory contract is one where some performance remains to be rendered by each party and neither party has, at the time of the breach performed completely." Gorlin v. Bond Richman Co., 706 F. Sup. 236, 243 (S.D.N.Y. 1989).
In the present case, it is undisputed that no written agreement existed between the parties and the defendant concedes that the contract between the parties is not executory because each party had performed as completely as they were destined to do. Because the parties agree that the defendant's performance is executed, General Statutes § 52-576
establishes the applicable limitation period to be six years and the plaintiff's claim is not time barred. The defendant's motion for summary judgment as to count one is denied.
NADEAU, J.