[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #111
Presently before the court is the plaintiff's motion for summary judgment, filed on September 16, 2002. The plaintiff is Chase Manhattan Mortgage Corp., the alleged owner of a mortgage securing a note on 9 Hillside Avenue, Ansonia, Connecticut (the property). The defendants are Lawrence Petrosky, Karen Petrosky and Maryellen Perry, the mortgagors of the property.[1]
On March 18, 2002, the plaintiff filed a foreclosure action against the defendants seeking to foreclose a mortgage securing a note on the property. The plaintiff alleges that it holds the note and mortgage by an assignment from American Home Mortgage (American) recorded on July 26, 1999 in volume 324, page 0035 of the Ansonia land records. The plaintiff further alleges that the mortgage was modified by a loan modification agreement recorded July 26, 2000 in volume 335 at page 0028 of the Ansonia land records. Finally, the plaintiff alleges that the note is in default and that it has elected to accelerate the balance due on the note and foreclose the mortgage securing the note.
On May 23, 2002, the defendants filed an answer and four special defenses. The first special defense alleges that the assignment from American to the plaintiff was invalid and of no force or effect. The second special defense alleges that American, in entering into the original mortgage, failed to comply with the State of Connecticut and the United States truth in lending regulations. The third special defense alleges that American and/or the plaintiff has failed to abide by agreements regarding the payment of alleged past due mortgage payments. Finally, the fourth special defense alleges that American and/or the plaintiff failed to properly credit the defendants for mortgage payments made from February 26, 1999, through April 1, 2002.
The plaintiff now moves for summary judgment on the ground that there is no genuine issue of material fact and that the plaintiff is entitled CT Page 16489 to judgment as a matter of law. The plaintiff has filed a memorandum of law in support of its motion and has attached the affidavits of Janet Burke, Cheryl Gray, and Eileen Lare along with various documents related to the mortgage and the note. The defendants have filed a memorandum of law in opposition to the plaintiff's motion for summary judgment and has attached the affidavit of Lawrence Petrosky along with various documents related to payments made on the note.
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing "such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries,Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489
(2002). "[A]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact. a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Id. "Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
The plaintiff moves on the ground that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. The plaintiff argues that it has proven its prima facie case for foreclosure. Specifically, the plaintiff argues that it has demonstrated that it is the holder of the mortgage and the note and that the defendants are in default on the note. The plaintiff further argues that the defendants have not alleged any legally sufficient special defenses.
Despite the plaintiff's arguments, the defendants counter that there are issues of material fact. Specifically, the defendants argue that they are not in default. Even if they are in default, the defendants argue that their default was caused by the confusing correspondence of the plaintiff. Thus, they argue that principles of equity would deny the plaintiff the right to foreclose on the mortgage. CT Page 16490
To make out a prima facie case in a foreclosure action, a plaintiff must "prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the defendant has] defaulted on the note." Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975
(1999).
The plaintiff has not met its burden for summary judgment as it has failed to present sufficient evidence demonstrating that it has a right to foreclosure. First, none of the mortgage documents offered by the plaintiff are certified as required by Practice Book § 17-46.[2]
Second, the plaintiff has not provided this court with the full loan modification agreement. Finally, the defendant presents the affidavit of Gray to establish the balance due on the note. The affidavit, however, does not meet the requirements of § 17-46 because it fails to establish that Gray is competent to testify to the balance due as it gives no indication that Gray is employed by any of the parties involved in this action.
For the foregoing reasons, the plaintiff's motion for summary judgment is denied.
The Court
By ___________________
Curran, J.