[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT OLSTEN STAFFING SERVICES, INC. MOTION FOR SUMMARY JUDGMENT (#112)
The defendant Olsten Staffing Services, Inc. (Olsten) has submitted a Motion for Summary Judgment (#112), claiming that the facts of this case establish, without question, that it holds no legal responsibility for CT Page 10693 the plaintiff's injuries. The court finds the issues in favor of the plaintiff.
The plaintiff, Robert Filosi, brought this action to recover damages for injuries and losses he sustained as the result of a incident that occurred on July 1, 1997, during the course of his employment at an Ace Hardware facility in Bloomfield, Connecticut. At that time, the defendant Olsten is alleged to have employed the co-defendant, Anthony Beckford, who was working as an independent contractor, but was assigned to provide assistance to Ace Hardware. Beckford is alleged to have negligently conducted certain tasks involving the use of a fork-lift mechanism, which caused the plaintiff to suffer serious injuries. The plaintiff's employer, Ace Hardware Corp, appears in this matter as an intervening co-plaintiff, per order of the court on September 22, 1999 (#102) (Maloney, J.).
As the basis for its summary judgment motion, Olsten claims that its only relation to the plaintiff could be established only if it employed Beckford the time and place specified in the complaint, that it did not
employ Beckford in such circumstances, and that no material question exists concerning the absence of the requisite employment relationship with Beckford. Specifically, Olsten asserts that "[a]fter a comprehensive investigation of Olsten Staffing records, it has been determined that Anthony Beckford was not an employee of Olsten Staffing at the time of the accident." Defendant's Motion for Summary Judgment (March 23, 2000) (#112). In support of its motion, Olsten has supplied the affidavit of David Perry, an Olsten employee who is ostensibly responsible for and knowledgeable about that company's personnel matters. Perry avers that Beckford has never been assigned to work for an Olsten client, and that in July of 1997, Olsten did not provide forklift operators to Ace Hardware Corporation.
Through his Memorandum of Law dated May 9, 2000 (#114), the plaintiff raises three grounds in objection to Olsten' s motion for summary judgment. First, the plaintiff claims that the motion is premature, in that discovery has not been completed, and that thereby the plaintiff has been deprived of access to tax and other employment records which could provide reliable information concerning Beckford' s exact relationship with Olsten on July 1, 1997.[1] The plaintiff next claims that Perry's affidavit provides insufficient support for a summary judgment, in that it fails to resolve all genuine issues of material fact with regard to whether Beckford actually served as Olsten's agent or employee at the time in question. Finally, the plaintiff relies upon the factual contest raised through his own affidavit, in which he reports that a qualified representative of Ace Hardware has stated that Olsten did indeed provide warehouse workers for that company's Bloomfield facility. The plaintiff CT Page 10694 further avers that the defendant Olsten has admitted to supplying temporary employees to Ace Hardware on a regular basis, thus contrasting his conclusions with Perry's statements concerning the provision of forklift operators.
In deciding whether to grant summary judgment in this matter, the court has observed the applicable rules of law. Practice Book Sec. 17-49 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 378-79, 260 A.2d 596 (1969). It is axiomatic and fundamental that "the party seeking summary judgment has the burden of showing the non-existence of any material fact. . . ." HomeIns. Co. v. Aetna Lfe Casualty, 235 Conn. 185, 202, 663 A.2d 1001
(1995). "[A] summary disposition., should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 752, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, 713 A.2d 820 (1998); see also Serrano v. Burns,248 Conn. 419, 424, 727 A.2d 1276 (1999). Summary judgment thus "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., supra, 233 Conn. 752.
Utilizing this standard to review the pleadings and affidavits set forth in this case, the court will first address the plaintiff's second and third arguments in opposition to the motion for summary judgment, and will conclude with analysis of the plaintiff's first argument. Viewing the evidence in the light most favorable to the nonmoving party, a close examination of Perry's affidavit reveals that, despite Olsten' s claims, there remain a number of significant factual issues concerning the relationship between that defendant, Beckford, and Ace Hardware, upon whose premises the plaintiff's injuries occurred. Generally, Perry's affidavit is notably oblique in its references to both Beckford and Ace Hardware. For instance, Perry neither asserts that Beckford was never
upon it's employment rolls in any capacity, nor does he establish either that Ace was never Olsten' s client or that Olsten never provided any employees to Ace Hardware's Bloomfield facility. Perry's affidavit thus leaves open to question whether Olsten may, on this specific occasion, CT Page 10695 have provided general warehouse workers who could also serve as operators of forklift mechanisms, even though Olsten "did not provide forklift operators" specifically for the purpose of being so assigned to Ace Hardware.
The court also acknowledges the questions of fact raised through the plaintiff's affidavit which further serve to defeat the defendant's motion. Home Ins. Co. v. Aetna Lfe Casualty, supra, 235 Conn. 202. While a plaintiff's own affidavit might be assumed to be self-serving in nature, the affidavit in this matter identifies specific communications with third parties, including the defendant Olsten's own office agent, which tend to counter the conclusory statements presented by Perry. The court finds that the documentation of these ostensible admissions, and the detailed reference to particular information received from Michael Travers, an agent for the co-plaintiff Ace Hardware, both serve to bolster the credibility of the plaintiff's affidavit.[2] Thus, the court accepts and adopts the plaintiff's argument that Perry's affidavit, the sole documentation supplied by Olsten in support of its motion for summary judgment, fails to resolve all genuine issues of material fact with regard to whether Beckford actually served as Olsten's agent when the plaintiff sustained his injuries. Miller v. UnitedTechnologies Corp., supra, 233 Conn. 751.
In conclusion, the court turns to the plaintiff's first argument, through which he asserts the prematurity of the motion for summary judgment. The plaintiff claims that Olsten has failed to uncover or to reveal facts within their corporate records which might clearly have established Beckford's presence or absence upon its employment rolls. Notwithstanding Perry's summary averment that he had reviewed Olsten's "corporate records," his affidavit fails to identify which documents he had observed, what process he had followed in determining which materials to examine, or, specifically, whether tax and revenue records had formed the basis of his deduction. At this stage of the proceedings, without more, the court finds that Perry's affidavit, alone, is insufficient to resolve all genuine issues of material fact relating to Beckford's employment relationship with Olsten as it existed on July 1, 1997. Here, again, the defendant Olsten has failed to meet its "burden of showing the non-existence of any material fact. . . ." Home Ins. Co. v. Aetna Life Casualty, supra, 235 Conn. 202.
Thus, in this matter the plaintiff has not only demonstrated the insufficiencies of Olsten' s affidavit in support of its motion for summary judgment, but he has also substantiated his adverse claim "by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks and citations omitted.) Maffucci v. Royal Park Ltd. Partnership, CT Page 10696243 Conn. 552, 554-55, 707 A.2d 15 (1998). Such a showing is sufficient to defeat the motion for summary judgment, leaving these issues of fact to be resolved at trial.
WHEREFORE, the Defendant's Motion for Summary Judgment, dated March 23, 2000 (#112), is hereby DENIED.
BY THE COURT,
N. Rubinow, J.