[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13394 DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#115) AND ON PLAINTIFF'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT (#116)
This memorandum of decision addresses the Motion for Summary Judgment submitted by the defendant, State of Connecticut Department of Transportation (DOT) under date of May 8, 2000 (#115), and the plaintiff's Objection to Summary Judgment (#116), dated June 21, 2000. The underlying complaint arises from the plaintiff's claims that he was wrongfully discharged from his employment with the DOT. The matter originates from the plaintiff's allegations that he suffered injuries on or about July 7, 1998, during the course of his employment with the DOT, becoming eligible for and receiving of workers' compensation benefits. The plaintiff alleges that thereafter, in retaliation for his exercise of his rights in connection with workers' compensation benefits, the DOT discharged him from his employment. Through its motion for summary judgment, DOT claims that "there are no genuine issues of material fact and DOT is entitled to judgment as a matter of law." Defendant's Motion for Summary Judgment (#115), dated May 8, 2000. The defendant asserts that the facts of this matter absolutely belie the plaintiff's claim that he was terminated for filing a workers' compensation claim, in violation of § 31-290a. State of Connecticut's Memorandum in Support of its Motion for Summary Judgment (#114), dated May 8, 2000, p. 6. Specifically, the defendant claims that "DOT did not terminate the plaintiff for filing a worker's compensation claim. He was terminated because he was videotaped engaging in activities which were inconsistent with his claim that he was temporarily totally disabled from work." Id. The plaintiff objects, identifying genuine issues of material fact that render this matter inappropriate for resolution at the summary judgment stage. Plaintiff's Objection to Summary Judgment: Memorandum in Opposition to Summary Judgment (#116), dated June 21, 2000. The court finds this issue in favor of the plaintiff.
This matter has been exhaustively briefed by both parties. Both the plaintiff and the state have thoroughly reviewed the legal premises supporting their positions on the subject of summary judgment, and have submitted voluminous references by way of affidavits, transcript excerpts, medical reports, investigation digests, correspondence, and decisions rendered by other tribunals in related matters. The primary issue before the court, however, appears to be the sufficiency of a videotape ostensibly representing the plaintiff engaged in certain activities during the very time when he was claiming to be disabled from work due to the on-the-job injury referenced above. This videotape was shown to the court on at the time this matter was heard, and has formed CT Page 13395 the focus of the court's attention in this matter.[1]
In deciding whether to grant summary judgment in this matter, the court has observed the applicable rules of law. Practice Book Sec. 17-49 provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.) United Oil Co. v. UrbanDevelopment Commission, 158 Conn. 364, 378-79, 260 A.2d 596 (1969). It is axiomatic and fundamental that "the party seeking summary judgment has the burden of showing the non-existence of any material fact. . . ." HomeIns. Co. v. Aetna Life Casualty, 235 Conn. 185, 202, 663 A.2d 1001
(1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 752, 660 A.2d 810 (1995)."In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, 713 A.2d 820 (1998); see also Serrano v. Burns,248 Conn. 419, 424, 727 A.2d 1276 (1999). Summary judgment thus "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., supra, 233 Conn. 752.
The heart of the defendant's claim is a videotape which was apparently prepared as a part of DOT's routine assessment of the validity of its employees' allegations of disability.[2] DOT claims that this videotape establishes, without question, that he was capable of certain activities that rendered improper his claim for workers' compensation benefits, and which rendered his receipt of those benefits illogical and unreasonable. DOT argues that "the undisputed facts show that the plaintiff was videotaped engaging in physical activities which were inconsistent with being out of work for a back injury." State of Connecticut's Memorandum (#114), p. 7. This videotape establishes, in the eyes of the DOT, that the plaintiff was not discharged from his employment because of his workers' compensation claims. "Rather, plaintiff was terminated because he was caught on videotape engaging in physical activity which was clearly counterproductive to a return to work and more strenuous than supervisory job duties." Id.
DOT explains that the videotape at issue was prepared on July 18, 1998 under the direction of Beneficial Investigation Services, Inc., who acted CT Page 13396 at DOT's request. State of Connecticut's Memorandum (#114), p. 2. According to the affidavit of Frederick J. Sanders, the DOT Personnel Administrator, his personal review of the videotape at issue, and his characterization of the plaintiff's activities depicted thereon, showed him engaging in activities which were inconsistent with disability from work. Id., p. 4. The defendant does not dispute that on the date in question, the plaintiff had been directed by his physician to refrain from work, to continue with physical therapy, and to return for follow-up care: this care continued through July 23, 1998, at which time the physician again examined the plaintiff and again noted that he was temporarily totally disabled from work. Id., p. 2.
The videotape at issue primarily depicts two persons engaged in some activities at and near a boatyard or marina. The individuals shown on the tape climb into and out of a boat appearing to be securely tethered to a dock facility; carry objects of unknown weight or dimension into and out of the boat; and appear to pour some substance contained within the objects into an area of the boat. The videotape, upon study and consideration, is of fair quality at best. A reasonable person viewing the tape may well determine that the persons depicted thereon are engaged in vigorous, physically demanding activities which require significant fitness and ability; or an equally reasonable person viewing the tape may well determine that the persons depicted thereon are moving in an especially slow and guarded manner, as if in pain or restricted in range of motion by some impairment or disability. Viewing this videotape in the light most favorable to the plaintiff, as is appropriate in deciding this motion for summary judgment, it is impossible to assess the abilities of the persons depicted thereon, to ascertain their medical conditions or physical abilities without question, or to conclude that either is capable of performing the type of work required of Gary White on assignment by the plaintiff DOT. See Serrano v. Burns, supra, 248 Conn. 424; HertzCorp. v. Federal Ins. Co., supra, 245 Conn. 381.
As noted above, summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., supra, 233 Conn. 752. A reasonable person viewing the videotape represented by DOT's Exhibit 5 could conclude in many ways, confined only by the varying nature of the images and activities portrayed on the tape. It would be unreasonable for this court to conclude, as the DOT urges, that DOT argues that the videotape demonstrates, without raising any genuine issues of material fact, that on July 28, 1998, "the plaintiff was . . . engaging in physical activities which were inconsistent with being out of work for a back injury." See State of Connecticut's Memorandum (#114), p. 7. It would be similarly unreasonable for this court to ascertain, after viewing and reviewing the videotape at issue, that the DOT discharged the plaintiff not because of CT Page 13397 his workers' compensation claims, but because he violated legitimate terms and conditions of his status as a temporarily disabled employee. Such conclusion may, indeed, be reached by the trier of fact after consideration of all the testimony, cross-examination, tangible and documentary evidence relevant to this case. Such conclusion is, however, inappropriate at this stage of the proceedings, where myriad genuine issues of material fact persist on the issue of Gary White's disability status on July 18, 1998, and at all times relevant herein.
In sum, the defendant in this matter has failed to meet its "burden of showing the nonexistence of any material fact. . . ." Home Ins. Co. v.Aetna Life Casualty, supra, 235 Conn. 202. In addition, through his argument and countervailing exhibits, the plaintiff has not only demonstrated the insufficiencies of the DOT's arguments in support of its motion for summary judgment, but he has also substantiated his adverse claim "by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks and citations omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998). Such a showing is sufficient to defeat the motion for summary judgment, leaving these issues of fact to be resolved at trial.
WHEREFORE, the Defendant's Motion for Summary Judgment (#115), dated May 8, 2000, is hereby DENIED; and the Plaintiff's Objection to Summary Judgment (#116), dated June 21, 2000, is hereby SUSTAINED.
BY THE COURT,
N. Rubinow, J.