[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Donna E. Hillebrand, brings this foreclosure action against the defendant, Richard E. Stein, allegedly the record owner of the mortgaged property, to obtain payment on an unpaid portion of debt owed to her by David Stein, a predecessor in interest of the mortgaged property. The plaintiff alleges in her complaint, filed on March 20, 2000, that in December 1982, the plaintiff was granted a decree of dissolution of marriage from David Stein, her husband. As part of the dissolution award, the dissolution court, Ryan, J., ordered David Stein to pay the plaintiff unallocated alimony and child support. To secure payment, the dissolution court further ordered David Stein to mortgage to the plaintiff his one-half interest in the real property known as 5 Short Street located in the town of Westport that he owned as a tenant in common with the defendant, his brother. On December 1, 1982, the defendant was present as a courtroom observer when the dissolution court orally issued this order. Stein v. Hillebrand, 240 Conn. 35, 46,688 A.2d 1317 (1997). The defendant, when asked by Judge Ryan if he consented to the mortgage being placed on the property, responded in the affirmative. Id. The defendant subsequently initiated an action challenging the validity and enforceability of the mortgage agreement. Both the trial court, Tobin, J., and the Supreme Court affirmed the dissolution court's order and the terms of the mortgage agreement.Stein v. Hillebrand, supra, 240 Conn. 38-39.
In accordance with the dissolution court's order, David Stein executed, in favor of the plaintiff, a mortgage for his one-half interest in the property. The mortgage referenced the case number of the dissolution decree and authorized the plaintiff to foreclose on the mortgage in the event of a default in payment. David Stein subsequently failed to make certain payments that were due to the plaintiff.
On June 27, 2000, the plaintiff filed a motion for summary judgment on the ground that there is no genuine issue of material fact concerning liability, that is, the default in payment by David Stein and the CT Page 13693 plaintiff's right to foreclose her interest in the mortgaged property pursuant to the terms of the mortgage agreement. The plaintiff has filed an affidavit in support of her motion for summary judgment. On July 13, 2000, the defendant filed a motion in opposition to the plaintiff's motion for summary judgment on the ground that there are genuine issues of material fact. The defendant has filed the affidavit of David Stein in opposition to the plaintiff's motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v.Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999); Practice Book §17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v. Burns,248 Conn. 419, 424, 727 A.2d 1276 (1999).
The plaintiff argues that she is entitled to a foreclosure as a matter of law because there is no genuine issue as to liability, that is, the default in payment of alimony and child support by David Stein. The plaintiff argues further that the defendant only challenges the damages in the foreclosure action, that is, the amount of alimony and child support secured by the mortgage, but not the liability. The defendant, on the other hand, argues that there are genuine issues of material fact with regard to the amount of debt claimed by the plaintiff.
In a foreclosure action, "[t]he plaintiff . . . must show that there is no genuine issue of material fact and that [she] is entitled to a judgment of foreclosure as a matter of law." Fleet Mortgage v. Akavalos, Superior Court, judicial district of New London at New London, Docket No. 539966 (February 16, 2000, Martin, J.). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1v. Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 125 (1995).
In the present case, the plaintiff has submitted an affidavit to show CT Page 13694 that David Stein has defaulted on his payment of alimony and child support, and that there is no question as to the validity or the enforceability of the mortgage in question. See Stein v. Hillebrand, supra, 240 Conn. 46. Consequently, the plaintiff has met her burden of showing that there is no genuine issue of material fact as to liability and that she is entitled to a judgment of foreclosure as a matter of law.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact . . . It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue." (Internal quotation marks omitted.) Peerless Ins. Co. v. Gonzalez, 241 Conn. 476,481, 697 A.2d 680 (1997). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New EnglandTelephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). A party's "conclusory statements, in the affidavit and elsewhere . . . do not constitute evidence sufficient to establish the existence of disputed material facts." Gutpa v. New Britain General Hospital, 239 Conn. 574,583, 687 A.2d 111 (1996). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) 2830 Whitney Avenue Corp. v. HeritageCanal Development Associates, Inc., 33 Conn. App. 563, 569, 636 A.2d 1377
(1994). Thus, when a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, supra,231 Conn. 795.
In the present case, the defendant fails to provide any evidentiary foundation to demonstrate the existence of a genuine issue of material fact concerning liability. The affidavit of David Stein submitted by the defendant only contests the amount of debt ultimately due, which is not at issue in the present motion, and not the plaintiff's right to foreclose on the mortgaged property. Moreover, the defendant does not dispute the plaintiff's assertions that David Stein has defaulted on his payment of alimony and child support or that such a default has triggered the plaintiff's right to foreclosure. Therefore since the defendant has failed to demonstrate the existence of any genuine issue of material fact as to liability in the present foreclosure action, the plaintiff is entitled to a judgment of foreclosure as a matter of law. CT Page 13695
HICKEY, J.