[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT ROBERT HALL'S MOTION FOR SUMMARY JUDGMENT #101
CT Page 15099
The present case arises from a breach of contract action filed by the plaintiffs, Lou Kugell, doing business as AeroMotive Distributors and Mark Marmitt, doing business as Good Company Distributors, against the defendants, Ardex Laboratories, Inc., Scott Mantz, doing business as Mantz Automotive Distributors and Robert Hall, doing business as Quality Chemical Distributors. The plaintiffs commenced the present matter with a eight count complaint dated April 11, 2000, pursuant to General Statutes § 52-592, which alleges breach of contract, tortious interference with contract, and violations of the Connecticut Unfair Trade Practices Act (CUTPA).
On May 7, 1997, the plaintiffs filed their original action, Kugell v.Ardex Laboratories, Superior Court, judicial district of Waterbury, Docket No. 139355. Defendant Hall filed a request to revise on June 25, 1997. Thereafter, on August 27, 1997, Hall served upon the plaintiffs interrogatories and requests for production. On October 6, 1997, the court, Pellegrino, J., granted the plaintiffs' motion for extension of time to respond to the aforementioned discovery until October 27, 1997. Hall filed a motion for nonsuit for failure to revise the complaint on November 14, 1997. On December 12, 1997, Hall filed a motion for order of compliance with discovery, requesting a nonsuit for failure to comply with the extended compliance date for discovery responses. On March 30, 1998, the court, Pellegrino, J., entered a judgment of nonsuit on the motions. The plaintiffs filed a motion to open the nonsuit on July 29, 1998, which was granted by the court on October 15, 1998, Pellegrino, J. The motion was filed nearly four months after the nonsuit had entered. The case next appeared on the dormancy list on February 17, 1999. The plaintiffs then filed a motion to exempt the matter from the dormancy list, which was denied by the court, Holzberg, J. on May 3, 1999. On May 7, 1999, the plaintiffs filed their amended complaint pursuant to the June 25, 1997 request to revise. The original action was dismissed on June 18, 1999, pursuant to Practice Book § 14-3, for failure to prosecute with reasonable diligence. On October 12, 1999, the plaintiff filed a second motion to open the nonsuit requesting the court to vacate the dormancy dismissal. The defendants filed an objection thereto. On February 1, 2000, the court, Leheny, J., sustained the defendants' objection to open the nonsuit. CT Page 15100
The defendant, Robert Hall, filed the present motion for summary judgment on the grounds that this action fails to meet the requirements of General Statutes § 52-592, and the action is barred by the three year statute of limitations, General Statutes § 52-581. The plaintiffs filed an objection and supporting memorandum of law with an affidavit.
 DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, ___ A.2d ___ (2000); see Practice Book § 17-49. A material fact is one "which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the moving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Miles v.Foley, supra, 253 Conn. 386.
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Miles v. Foley, supra, 253 Conn. 386. "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998).
A defendant's motion for summary judgment should be granted if it "raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issues of fact." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800,806, 679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitations grounds when the "material facts concerning the statute of CT Page 15101 limitations [are] not in dispute. . . ." Burns v. Hartford Hospital,192 Conn. 451, 452, 472 A.2d 1257 (1984).
The defendants argue that the plaintiffs do not meet the requirements of General Statutes § 52-592, because the original action did not fail for accident or simple neglect. The defendants contend that summary judgment should be granted because General Statutes § 52-592, does not apply and the action is barred by the applicable statute of limitations, General Statutes § 52-581. The plaintiffs maintain that dismissals under the dormancy program are appropriate candidates for the saving provisions of General Statutes § 52-592 and the statute applies to save the present action. The plaintiffs concede, however, that should the court determine that General Statutes § 52-592 does not apply to the present case, the action is barred by the applicable statute of limitations.
The present case was filed pursuant to General Statutes § 52-592, which provides, in relevant part, "[i]f any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been otherwise avoided or defeated . . . for any matter of form; . . . the plaintiff . . . may commence a new action, . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." (Emphasis added.) Id.
Practice Book § 14-3 provides, in relevant part, "[i]f a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, on motion by any party to the action pursuant to § 11-1, or on its own motion, render a judgment dismissing the action with costs." The Connecticut Supreme Court has stated that "in appropriate cases, a dismissal entered pursuant to [Practice Book] § 251 [now Practice Book § 14-3 (1998 Rev.)] would not bar a subsequent action brought under authority of § 52-592." Ruddock v. Burrowes,243 Conn. 569, 576, 706 A.2d 967 (1998); see also Lacasse v. Burns,214 Conn. 464, 472, 572 A.2d 357 (1990).
"In cases where [the court has] either stated or intimated that the "any matter of form' portion of § 52-592 would not be applicable to a subsequent action brought by a plaintiff, [the court has] concluded that the failure of the case to be tried on the merits had not resulted from accident or even simple negligence." Lacasse v. Burns, supra 214 Conn. 473. "The fact that courts have allowed plaintiffs access to § 52-592 (a) in some cases involving § [14-3] dismissals does not mean that [the court] must allow recourse to the statute if the attorney's misconduct is egregious." Ruddock v. Burrowes, supra, 243 Conn. 576 n. 11. The trial "court must determine whether the party's diligence falls within the CT Page 15102 "reasonable' section of the diligence spectrum;" Lacasse v. Burns, supra214 Conn. 474; such that the plaintiff should be allowed to file a new action pursuant to General Statutes § 52-592.
The Connecticut Supreme Court has "held that [General Statutes] §52-592 (a) is remedial in nature and, therefore, warrants a broad construction." Ruddock v. Burrowes, 243 Conn. 569, 575, 706 A.2d 967
(1998). But "our judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system. . . . In the event of noncompliance with a court order, the directives of caseflow management authorize trial courts, in appropriate circumstances, to take action against either the errant attorney or the litigant who freely chose the attorney." (Citations omitted; internal quotation marks omitted.) Id., 575.
"To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a "matter of form' in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." Id. 576-577. In the present case, the question, therefore, is whether the judgment of dismissal in the original action was a result of the plaintiffs' mistake, inadvertence or excusable neglect. Whether the party's conduct falls within the reasonable section of the diligence spectrum.
The plaintiffs' counsel, Barry D. Guliano, states in his affidavit that the original action was dismissed for dormancy on June 18, 1999, two years after the action was commenced. According to the affidavit, the plaintiffs conducted two depositions of the defendants, responded to discovery and amended the complaint in response to requests to revise by the defendants. Further, Guliano states that after the original action first appeared on the dormancy list, the plaintiffs filed their first and only motion to exempt the case from dormancy. The motion was filed to allow more time to close the pleadings because the plaintiffs were delayed by the mistaken belief that responses to discovery and the amended complaint were forwarded to the defendants.
The affidavit further states that the plaintiffs' motion to set aside the dismissal was denied on February 1, 2000 after argument by the parties. Guliano indicates that the present action was brought by the plaintiffs approximately two months following the February 1, 2000 ruling on the motion to set aside the dismissal. Accordingly, the plaintiffs argue that the original action failed to be tried on the merits because of a matter of form and General Statutes § 52-592 applies to save the present action. CT Page 15103
Counsel for the defendants, Tracey Pascale Couto, filed a supporting affidavit that states that in response to the original action appearing on the dormancy list, the plaintiffs filed a motion to exempt which was denied by the court on May 3, 1999. According to the affidavit, the original action was dismissed on June 18, 1999 for failure to prosecute with reasonable diligence. The plaintiffs then filed a motion to reopen and the defendants filed an objection thereto. The court sustained the objection on February 1, 2000. Couto states that approximately ten months after the judgment of dismissal for failure to prosecute with reasonable diligence, the plaintiffs commenced the present action pursuant to General Statutes § 52-592, with a complaint dated April 11, 2000. Accordingly, the defendants argue that the original action did not fail because of accident or simple neglect and General Statutes § 52-592
does not apply to save the present action.
The court finds that based upon the entire record produced, the actions of the plaintiffs in the original action do not constitute "mistake, inadvertence or excusable neglect" to allow the plaintiffs to proceed with a second cause of action pursuant to General Statutes § 52-592. This matter does not present a situation where the party's conduct falls within the reasonable section of the diligence spectrum. See Ruddock v.Burrowes, supra, 243 Conn. 569; Lacasse v. Burns, supra, 214 Conn. 464. General Statutes § 52-592 does not apply to save the present case. The plaintiffs concede that if General Statutes § 52-592 does not apply, the present action is barred by the applicable statute of limitations, General Statutes § 52-581. Accordingly, defendant Robert Hall's motion for summary judgment is granted.
So Ordered.
BY THE COURT
PETER EMMETT WIESE, J.