[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant, Bradley Memorial Hospital (Bradley), seeks judgment on counts four, five and six of the plaintiffs' revised complaint. For the reasons stated below, Bradley's motion for summary judgment is denied.
 I BACKGROUND
The following facts are alleged by the plaintiffs, Bruno and Anna Vellucci, in their revised complaint. On July 28, 1996, at approximately 9:11 p.m., Bruno Vellucci was admitted to Bradley's emergency room complaining of sudden severe pain in his right calf X-rays were taken and a consultation was sought with Russell Chiappetta, an orthopedic surgeon. Bruno Vellucci was diagnosed with a pulled muscle, given Demerol for the pain and released.
On July 29, 1996, after experiencing additional pain and calling the hospital twice throughout the night he was told to return to Bradley immediately. Shortly thereafter, Bruno Vellucci was re-admitted where he was re-examined and diagnosed as having some type of vascular occlusion of the lower right leg. He underwent immediate surgery. Following surgery no distal pulses were evident and, as a result, Vellucci was rushed to New Britain General Hospital for an angiogram. The angiogram detected several additional occlusions. Bruno Vellucci returned to Bradley, where he underwent additional surgery and was again admitted. The plaintiff now suffers from complete right foot drop.
On May 28, 1999, the plaintiffs filed a revised complaint alleging six counts.[1] Count four alleges Bradley, through its agents, servants or employees, negligently failed to use the care and skill ordinarily used by doctors in that it: failed to make a proper, skillful and careful diagnosis; failed to use accepted and proper methods of treatment; prematurely discharged Bruno Vellucci; discharged Bruno Vellucci without proper examination, treatment, testing and evaluation; failed to admit Bruno Vellucci; and failed to use reasonable care, skill and diligence used by physicians and hospitals engaged in medical practice. Count five alleges that the negligence and carelessness of Bradley, through its agents, servants or employees, created an increased risk that Bruno CT Page 8744 Vellucci would suffer a complete right foot drop as well as physical and mental pain and suffering. Count six alleges that Anna Vellucci, the wife of Bruno Vellucci, has been deprived of his consortium.
On February 26, 2001, Bradley moved for summary judgment on the following two grounds. First, it seeks judgment because it argues that the plaintiffs' expert, Michael Conroy, is not properly qualified to offer testimony as to the standard of care required of Bradley and, as such, it is entitled to judgment as a matter of law. Second, Bradley seeks judgment because it argues that there are no genuine issues of material fact that it was not negligent in the manner alleged. Accompanying its motion for summary judgment is: a memorandum of law in support of the motion for summary judgment; the disclosure of Michael Conroy as an expert by the plaintiffs; the curriculum vitae of Conroy; the November 13, 2000 deposition of Conroy; Chiappetta's responses to interrogatories dated August 17, 2000; and an affidavit of Constantine Mesologites.
The plaintiffs filed an objection to the motion for summary judgment along with six attached exhibits. The exhibits include: a letter from Dennis Gafffney to Amy Goodusky dated January 12, 2001; a notice of deposition of Mesologites; a telefax transmittal sheet from Goodusky to Gaffney dated February 15, 2001; a letter from Goodusky to Gaffney dated January 16, 2001; a medical record of Bruno Vellucci from Bradley; and the plaintiff's disclosure of Inku Lee, Joshua Morowitz and Robert Thorsen as experts. In their memorandum, the plaintiffs argue that Conroy is qualified pursuant to General Statutes § 52-184c. Additionally, the plaintiffs contend that the present motion is premature because discovery has not been concluded and they have yet to depose Mesologites, another emergency room physician who examined Bruno Vellucci on July 28, 1996. Bradley responded by filing a reply to plaintiffs' objection to motion for summary judgment. The court heard argument at short calendar on March 19, 2001, and, after reviewing the relevant pleadings, affidavits and exhibits, now issues this opinion.
 II STANDARD OF REVIEW
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of CT Page 8745 any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v.Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwoodv. Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419,424, 727 A.2d 1276 (1999).
"Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Morascini v. Commissioner of PublicSafety, 236 Conn. 781, 808-09, 236 A.2d 1340 (1996).
 III DISCUSSION
Bradley first argues that the plaintiffs' expert is not properly qualified to give an opinion as to the standard of care required of an emergency room physician pursuant to § 52-184c. More specifically, Bradley claims that Conroy "is not board certified in emergency medicine; does not currently practice emergency medicine; limited his practice to surgery prior to his retirement; and is not conversant with emergency medical room procedures." (Memorandum Of Law In Support Of Motion For Summary Judgment [Defendant's Memorandum], February 26, argument seems to indicate that Bradley contends Conroy is not qualified to testify as to causation. The plaintiffs respond, however, by arguing that both Joshua Morowitz, a vascular surgeon, and Robert Thorsen, a neurologist, are prepared to testify as to causation.
The plaintiffs attached to their objection to the motion for summary judgment a disclosure of their experts which states that the plaintiffs expect to call Inku Lee, Morowitz and Thorsen as expert witnesses at CT Page 8746 trial. The disclosure indicates that Lee is expected to testify as to the "care and treatment of the plaintiff, Bruno Vellucci, for cardiovascular disease"; (Plaintiff's Exhibit 6, Disclosure of Experts By The Plaintiffs, November 27, 2000, p. 1); and that Morowitz and Thorsen are expected to testify as to the care and treatment of Bruno Vellucci by Bradley and his reaction and recovery to the same. (See Plaintiff's Exhibit 6, p. 2.) The plaintiffs also argue that Morowitz and Lee told the plaintiffs that Bruno Vellucci wouldn't have the severe problems he now experiences if surgery had been done sooner. Furthermore, Bradley concedes that the plaintiffs' three additional witnesses are "expected to testify in connection with their claim against Bradley Memorial Hospital, [and] are offered on the issues of causation and damages only." (Reply To Plaintiff's Objection To Motion For Summary Judgment, March 19, 2001, p. 3.) Accordingly, the court finds that Conroy's qualifications regarding his testimony on causation are not dispositive of this action because the plaintiffs may be able to establish causation through other witnesses.
Finally, Bradley argues that based on the affidavit of Constantine Mesologites, the pleadings and other proof submitted by the parties there are no genuine issues of material fact that Bradley was not negligent in the manner alleged. More specifically, Bradley contends that the only substantive evidence offered by Conroy with respect to Bradley's negligence is the failure of the emergency room physician to obtain a doppler examination of Bruno Vellucci. The plaintiffs argue that the present motion is premature because they have not yet completed discovery.
The evidence indicates that Bradley canceled the plaintiffs' scheduled deposition of Mesologites and instead furnished the plaintiff with an affidavit from Mesologites. In his affidavit, Mesologites avers that he "examined Bruno Vellucci in the emergency room of Bradley Memorial Hospital" on July 28, 1996. (Affidavit of Constantine Mesologites, December 29, 2000, ¶ 6.) Additionally, he avers that he "checked the pulses of Mr. Vellucci's right lower leg with a 5 megahertz Ultrasound-Stethoscope Doppler; [and the] examination . . . demonstrated positive pulses." (Affidavit of Constantine Mesologites, ¶¶ 9-10.) "Self-serving affidavits of moving parties are insufficient to support a motion for summary judgment." Relaford v. Rawana, Superior Court, judicial district of New Haven at Meriden, Docket No. 266281 (May 19, 2000, Robinson, J.). Furthermore, Conroy testified in his deposition that there was nothing in Bruno Vellucci's medical records that indicated that a pulse was taken or that a doppler examination was administered. (See Deposition of Micheal Conroy, p. 41, ll. 4-15.) Accordingly, the court finds that Bradley has not met its burden of proving the absence of a material issue of fact regarding Bradley's alleged negligent conduct. CT Page 8747
 IV. CONCLUSION
For the foregoing reasons, Bradley's motion for summary judgment as to counts four, five and six of the plaintiffs' revised complaint, is hereby denied. It is so ordered.
BY THE COURT,
PATRICIA A. SWORDS JUDGE OF THE SUPERIOR COURT